**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RHONIQUE GREEN and OLIVIA GIDDINGS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>BANK OF AMERICA, NA and BANK OF AMERICA CORPORATION,<br><br>　　　　　Defendants - Appellees. | No. 11-56365<br><br>D.C. No. 2:11-cv-04571-R-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 11, 2013[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, KLEINFELD and SILVERMAN, Circuit Judges.

Rhonique Green and Olivia Giddings appeal the district court's order

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

granting Bank of America's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291 and now reverse and remand.

Wage Order 7-2001 § 14 states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." The district court erred when it assumed a requirement, not in the text of the Wage Order, that employees must request seating before it is offered.

Plaintiffs alleged that the nature of their work reasonably permits the use of seats. Because we are reviewing a dismissal for failure to state a claim, we assume for purposes of decision that the factual allegations of the complaint are true. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). We intimate no view on whether such seating as may be provided to the employees is "suitable." Nor do we intimate any view as to whether the nature of their work "reasonably permits the use of seats." Those factual issues may be developed on remand.

Likewise, Bank of America's argument that any award under California's Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*, would be unjust is premature. The reasonableness of any award depends on the facts of the case, which have not yet been developed.

Finally, Green has alleged sufficient injury to satisfy Article III standing requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992)

(noting that if "the plaintiff is himself an object of the action (or forgone action) at issue . . . there is ordinarily little question that the action or inaction has caused him injury").

**REVERSED** and **REMANDED**.